Filed 4/11/25  P. v. Dakin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RICHARD THOMAS DAKIN, SR.,<br><br>      Defendant and Appellant. | C101894<br><br>(Super. Ct. No. CRF24-01122-01) |

Appointed counsel for defendant Richard Thomas Dakin, Sr., filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to Dakin, we will affirm the judgment.

1

# BACKGROUND[1]

Early in the morning on May 11, 2024, law enforcement saw a Mazda RX-8 without a rear license plate parked in an apartment complex. Dakin and a woman were walking around the Mazda with jumper cables. They told the responding officer that they owned the Mazda, which would not start because of a battery problem and that the Mazda had a front license plate. The officer ran the plate and learned it had been reported stolen. Dakin denied it was stolen and offered to produce a purchase agreement from a person named Angie. The responding officer noticed Dakin was wearing a large knife in a sheath on his waistband and decided to detain Dakin and the woman. Dakin did not initially follow directions to sit down and roll onto his stomach, but eventually complied after repeated instructions. A search of Dakin incident to arrest yielded a pipe for smoking methamphetamine. Following arrest, Dakin appeared to have a seizure and received medical treatment. Scans at the hospital showed an object in his anal cavity. Once passed, the officer examined the object, which was consistent with drugs that had been wrapped inside a latex covering. The Mazda owner told the officer that Dakin assisted her with towing the Mazda to her house, but then claimed to have lost the keys. Two days later, the Mazda disappeared from her driveway.

The complaint filed May 13, 2024, charged Dakin with driving or taking a vehicle worth approximately $6,000 without consent (Veh. Code, § 10851, subd. (a); count I); buying or receiving a stolen vehicle (Pen. Code, § 496d; count II); possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count III); possession of an injection or smoking device (Health & Saf. Code, § 11364, subd. (a); count IV); and resisting, delaying, or obstructing a peace officer (Pen. Code, § 148, subd. (a)(1); count

---

[1]     We take the factual background from the stipulated factual basis for Dakin's plea agreement.

2

V).  Dakin pled not guilty and was released on bond.  While out on bond, Dakin incurred new, unspecified charges.

Dakin resolved these matters by agreeing to plead no contest to buying or receiving a stolen vehicle and admitting an uncharged prior strike.  In exchange, the remaining counts and the new case were dismissed with a *Harvey*[2] waiver.  The parties also agreed to release Dakin on a *Cruz*[3] waiver pending sentencing in return for his promise to abide by certain conditions of release.  If Dakin complied with the terms and conditions, the trial court would strike the prior strike allegation, and Dakin would receive a prison sentence of two years.  If he did not, Dakin would be subject to a maximum prison term of six years.  Dakin pled no contest as contemplated, but the trial court failed to ask Dakin to admit the prior strike.  As a result of the plea, the trial court also found Dakin in violation of his probation in another matter and terminated that probation as unsuccessful.

On August 7, 2024, Dakin appeared for sentencing in accordance with his *Cruz* waiver.  He had complied with the terms and conditions of his release.  Nonetheless, Dakin asked to withdraw his plea, complaining there was new evidence from the victim that there had been a misunderstanding and that he had been promised his girlfriend's charges would be dismissed, but they were still pending.  The court denied Dakin's request, struck the prior strike, and sentenced him to two years in prison.  The court also imposed a $300 restitution fine (Pen. Code, § 1202.4), a matching, suspended $300 parole revocation restitution fine (Pen. Code, § 1202.45), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court security fee (Pen. Code, § 1465.8).  Finally, the court awarded 18 actual days plus 18 conduct days for a total of 36 days' custody credit.

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

[3]     *People v. Cruz* (1988) 44 Cal.3d 1247.

Dakin timely appealed, and the trial court denied his request for a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Dakin was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Dakin has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to Dakin. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
EARL, P. J.

We concur:

/s/
MAURO, J.

/s/
RENNER, J.